**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0324V
UNPUBLISHED

| | |
|---|---|
| STEVEN VINUEZA,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: April 16, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Causation-In-Fact; Influenza (Flu) Vaccine; Subcutaneous Abscess; Scarring |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for respondent.

### RULING ON ENTITLEMENT[1]

On February 28, 2019, Steven Vinueza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he "developed a subcutaneous abscess that resulted in scarring" after receiving the influenza vaccine on November 21, 2017. Petition at 1, at ¶¶ 3, 20. Petitioner describes his injury as a shoulder injury related to vaccine administration ("SIRVA"). *Id.* Petitioner further alleges that he received the vaccination in the United States, suffered the residual effects of his injury for more than six months, and that neither he nor any other individual has filed a civil action or received compensation for his injury, alleged as vaccine caused. *Id.* at ¶¶ 3, 20-21, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the ruling will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 15, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case for his subcutaneous abscess but "denies that [P]etitioner suffered a SIRVA." Respondent's Rule 4(c) Report at 1. Specifically, Respondent "concluded that petitioner developed an abscess and residual scar on his right upper extremity, which was more likely than not caused by administration of a flu vaccine at the same location." *Id.* at 5. Respondent further agrees that "has satisfied all legal prerequisites for compensation under the Act." *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation for his subcutaneous abscess and scarring.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master