# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0324V
UNPUBLISHED

| | |
|---|---|
| STEVEN VINUEZA,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 19, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine;<br>Subcutaneous Abscess; Scarring |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

On February 28, 2019, Steven Vinueza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he "developed a subcutaneous abscess that resulted in scarring" after receiving the influenza vaccine on November 21, 2017. Petition at 1, at ¶¶ 3, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 16, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his subcutaneous abscess. On May 19, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$42,500.00, representing compensation for his actual and projected[3] pain and suffering. Proffer at 2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $42,500.00, representing his actual and projected pain and suffering in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] The Proffer indicates that any amounts for projected pain and suffering have been reduced to net present value. Proffer at 2 (citing § 15 (a)(4)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| STEVEN VINUEZA, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-324V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 28, 2019, Steven Vinueza ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that he developed "a subcutaneous abscess that resulted in scarring" and a "Shoulder Injury Related to Vaccine Administration ('SIRVA'), an 'on-the-table' injury, within the requisite time period set forth in the Table" as a result of an influenza ("flu") vaccine administered on November 21, 2017. In the alternative, petitioner alleged that his injuries were caused-in-fact by the vaccination. Petition at 1.

On April 15, 2020, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report acknowledging that petitioner sustained an abscess and residual scar that were caused-in-fact by the flu vaccine he received on November 21, 2017, and indicating that this case was appropriate for compensation under the terms of the Act. ECF No. 20. However, respondent denied that petitioner suffered a SIRVA, and respondent requested that entitlement to compensation for SIRVA be denied. *Id.* at 1. On April 16, 2020, the Chief Special Master

issued a Ruling on Entitlement finding petitioner entitled to compensation for his subcutaneous abscess and scarring.  ECF No. 21.

I.  **Items of Compensation**

   A.  Pain and Suffering

Respondent proffers that Steven Vinueza should be awarded $42,500.00 in actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to Steven Vinueza should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $42,500.00, representing compensation for pain and suffering, in the form of a check payable to petitioner, Steven Vinueza.

III.  **Summary of Recommended Payments Following Judgment**

   Lump sum payable to petitioner, Steven Vinueza:                    **$42,500.00**

                              Respectfully submitted,

                              JOSEPH H. HUNT
                              Assistant Attorney General

                              C. SALVATORE D'ALESSIO
                              Acting Director
                              Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                    CATHARINE E. REEVES
                    Deputy Director
                    Torts Branch, Civil Division

                    ALEXIS B. BABCOCK
                    Assistant Director
                    Torts Branch, Civil Division

                    <u>s/ Sarah C. Duncan</u>
                    SARAH C. DUNCAN
                    Trial Attorney
                    Torts Branch, Civil Division
                    U.S. Department of Justice
                    P.O. Box 146
                    Benjamin Franklin Station
                    Washington, D.C. 20044-0146
                    Tel:  (202) 514-9729
                    Fax:  (202) 616-4310

DATED:  May 19, 2020